**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION**


**DOROTHY WILLIAMS**                                                               **PLAINTIFF**

**VERSUS**                                        **CIVIL ACTION NO. 2:10cv121KS-MTP**

**SHELTER MUTUAL INSURANCE COMPANY**                              **DEFENDANT**


<u>**ORDER OF DISMISSAL**</u>

This matter comes before the court on a Motion to Dismiss **[#15]** filed on behalf of

the defendant, Shelter Mutual Insurance Company for failure of the plaintiff, Dorothy

Williams,  to comply with Orders of this court and for failure to prosecute.  The court,

having reviewed the motion, the pleadings and exhibits on file, being advised that the

plaintiff has failed to respond to the motion and being further fully advised in the

premises finds that the motion is well taken and should be granted.  The court

specifically finds as follows:

On October 28, 2010, William's counsel was allowed to withdraw because of an

irreconcilable conflict of interest between Williams and her Counsel.  In the court's order

[#11] allowing the withdrawal, Williams was advised "that failure on her part to take

appropriate action to pursue her claims in this matter may result in serious legal

consequences which may include a final dismissal of her claims."  Williams was also

"urged and advised to seek the immediate assistance of legal counsel. She is further

advised that important deadlines for this case have been set and that failure to meet

those deadlines as set forth in the Case Management Order [6] may adversely affect her rights." This order, along with the Case Management Order, were mailed to Williams at her last known address and not returned. Williams has taken no action to pursue her case since her counsel was allowed to withdraw.

Shelter filed a Motion for Status Conference [#12] after the deadline for the designation of experts and one week in advance of the discovery deadline. Attached to the motion was a letter sent by defense counsel to Williams, at the same last known address, asking her to contact him to discuss the status of the case. There is no indication in the record that Williams responded to the letter.

In response to Shelter's request, this court entered an Order Setting Status Conference [#13]. The stated purpose of the conference was to "address any pending discovery or case management issues, including the status of Plaintiff['s] responses to discovery propounded to her by [Defendant] in August 2010. See Docket [7] [8]." The parties were advised that "failure . . . to appear for the hearing may result in a dismissal of the complaint or other sanctions as may be appropriate." The status conference was held on the date and at the time scheduled, with the undersigned presiding. (Minute Entry of March 10, 2011). However, Williams failed to appear as ordered or to respond in any manner.

The court determined that since Williams was *pro se*, she would be provided one final opportunity to comply with the court's orders prior to summary dismissal. Thus, the court entered a "Final Order to Show Cause," [#14] on March 10, which provided:

    1.    On or before March 24, 2011, Plaintiff shall file in writing the reasons showing cause why this case should not be dismissed for her failure to comply with the Court's orders or otherwise prosecute this cause

of action;

2. **Plaintiff is warned for a final time that her failure to respond to this order in writing will be deemed as a purposeful delay and contumacious act by Plaintiff and, under the circumstances, will result in this case being dismissed without prejudice, without further written notice**.

Docket entry #14 (emphasis in original).  This order, as all of the others, was mailed to Williams at her last known address and not returned.

On April 21, 2011, Shelter filed the present Motion to Dismiss.  On April 27, the court entered a scheduling order setting the response date for Williams to the motion as May 5, 2011.  To date, there has been no response from Williams to either the Show Cause Order or to the Motion to Dismiss.

This cases has been filed for over one year.  There have been numerous orders regarding scheduling, discovery and to show cause.  In order to conclude this case in a timely manner, it is imperative for the parties to meet the deadlines set out in this court's scheduling and case management orders.  Failure to comply with those orders materially and substantially prejudices the timely conclusion of this case and the rights of the parties.  The court would note that not only has Williams not complied with any of the discovery deadlines by not furnishing one iota of the information required, she has not responded to this motion to dismiss nor any of the other orders of the court.

Shelter has moved for dismissal citing only the Final Show Cause Order.  Pursuant to Rule 16(f), Rule 37 and Rule 41(b), Federal Rules of Civil Procedure, the court is well within its discretion to grant such a request.  Rule 16(f) provides:

**(f) Sanctions**.

(**1) In General**. On motion or on its own, the court may issue any just

orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney:

> **(A)** fails to appear at a scheduling or other pretrial conference;

> **(B)** is substantially unprepared to participate--or does not participate in good faith--in the conference; or

> **(C)** fails to obey a scheduling or other pretrial order.

Rule 37(b)(2) provides:

**(2) Sanctions in the District Where the Action Is Pending**.

> **(A)** For Not Obeying a Discovery Order. If a party or a party's officer, director, or managing agent--or a witness designated under Rule 30(b)(6) or 31(a)(4)--fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:

>> **(i)** directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

>> **(ii)** prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

>> **(iii)** striking pleadings in whole or in part;

>> **(iv)** staying further proceedings until the order is obeyed;

>> **(v)** dismissing the action or proceeding in whole or in part;

>> **(vi)** rendering a default judgment against the disobedient party; or

>> **(vii)** treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Rule 41(b) provides:

> **(b) Involuntary Dismissal; Effect.** If the plaintiff fails to prosecute or

to comply with these rules or a court order, a defendant may move to
dismiss the action or any claim against it. Unless the dismissal order
states otherwise, a dismissal under this subdivision (b) and any
dismissal not under this rule--except one for lack of jurisdiction,
improper venue, or failure to join a party under Rule 19--operates as
an adjudication on the merits.

"Rule 37 empowers the district court to compel compliance with Federal discovery procedures through a broad choice of remedies and penalties, including dismissal with prejudice." *Griffin v. Aluminum Co. of America*, 564 F.2d 1171, 1172 (5th Cir. 1977). "It is clear that Fed.R.Civ.P. 37(b)(2)[] empowers the District Court to dismiss a complaint when a party refuses to obey a valid discovery order." *Jones v. Louisiana State Bar Ass'n*, 602 F.2d 94, 96 (5th Cir. 1979). However, "Dismissal with prejudice, a 'sanction of last resort,' will not be upheld if the noncompliance is, even if repetitive, is due to inability rather than to willfulness, bad faith, or disregard of the party's responsibilities." *Id.* at 96, (and cases cited therein).

As the Fifth Circuit has repeatedly stated regarding the ignoring of discovery deadlines, ". . . such delays are a particularly abhorrent feature of today's trial practice. They increase the cost of litigation, to the detriment of the parties enmeshed in it.. . . Adherence to reasonable deadlines is critical to restoring integrity in court proceedings." *Geiserman v. MacDonald*, 893 F.2d 787, 792 (5th Cir. 1990).

Fed. R. Civ. P. 41(b) provides that "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of any action." The court may also "dismiss an action *sua sponte* under Rule 41(b) for failure to comply with a court order." *See Link v. Wabash Railroad*, 370 U.S. 626 (1962); *Long v. Simmons*, 77 F.3d 878, 879 (5th Cir. 1996) (citing *McCullough v. Lynaugh*, 835 F.2d 1126

(5th Cir. 1988)).  *See also Lopez v. Aransas County Independent Sch. Dist.*, 570 F.2d 541,

544 (5th Cir. 1978).

In *Rogers v. Kroger Co.*, 669 F.2d 317 (5th Cir.1982) the Fifth Circuit surveyed the

principles controlling Rule 41(b) dismissals with prejudice and stated, "A clear record of

delay coupled with tried or futile lesser sanctions will justify a Rule 41(b) dismissal."  *Id.* at

322.  *Rogers* also listed three  "aggravating elements" that usually accompany the two

primary reasons for which the Rule 41(b) power is invoked.  These three elements are

"the extent to which the plaintiff, as distinguished from his counsel, was personally

responsible for the delay, the degree of actual prejudice to the defendant, and whether

the delay was the result of intentional conduct."  *Id.* at 320.  The Fifth Circuit has stated

that "[d]elay alone can infuse an adverse element into the proper flow of litigation:

evidence deteriorates or disappears, memories fade, and witnesses die or move away."

*Veazey v. Young's Yacht Sale & Service, Inc.*, 644 F.2d 475, 477-78 (5th Cir. 1981).  "If

the delay is unjustified, the court can and must act to redress the balance."  *Id.*

The court must be able to clear its calendars of cases that remain dormant

because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the

orderly and expeditious disposition of cases.  Such a sanction is necessary in order to

prevent undue delays in the disposition of pending cases and to avoid congestion in the

calendars of the court.  *Link*, 370 U.S. at 630.

There have been numerous orders regarding scheduling, discovery and to show

cause in this litigation.  Williams has failed to produce one iota of proof to support her

claim against Shelter and has continuously ignored the orders of this court.  The court

therefore finds that the failure Williams to comply with the Case Management Order

entered in this matter and her failure to comply with all of the other orders of this court and her failure to respond to the Motion to Dismiss, amounts to a willful and contumacious disregard of her responsibility to prosecute this litigation.  After a careful consideration of the entire panoply of sanctions available, including all of those enumerated under Rule 16(f), Rule 37 and Rule 41(b), the court has reached the conclusion that the appropriate remedy is dismissal without prejudice.

IT IS ORDERED AND ADJUDGED that the Complaint filed on behalf of the plaintiff, Dorothy Williams, is dismissed without prejudice.  A separate judgment shall be entered herein in accordance with Rule 58, Federal Rules of Civil Procedure.

SO ORDERED AND ADJUDGED this the 8th day of June, 2011.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE